**In re BANOVIC.**

**Patent Appeals No. 5038.**

Court of Customs and Patent Appeals.
June 25, 1945.

Wheeler, Wheeler & Wheeler and S. L. Wheeler, all of Milwaukee, Wis. (Cushman, Darby & Cushman and C. Willard Hayes, all of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming that of the Primary Examiner rejecting, in view of prior art, claims 3, 4 and 5 of an application, Serial No. 434,259, filed March 11, 1942, for a re-issue of patent No. 2,234,664, dated March 11, 1941. Claims 1 and 2 were allowed.

The references cited are: Charney, 1,-235,010, July 31, 1917; Green, 2,040,989, May 19, 1936.

Claim 4 is illustrative of the subject matter of the rejected claims and reads as follows: "4. A fourchette for a glove, said fourchette including a central angular portion conforming in size and contour to that of a fourchette crotch between two adjacent glove fingers, continuous strips extending from said angular portion to provide said portions for said adjacent fingers, said strips being provided respectively with additional similar angle portions and finger-side portions for glove fingers and crotches therebeyond."

The application relates to improvements in gloves, in which the back and palm portions are separated in the finger extensions by a single fourchette, which is a forked piece between glove fingers uniting the back and front parts thereof.

The Charney patent relates to similar improvements in gloves, particularly work gloves. It discloses a single continuous fourchette between the glove fingers, sewed to a leather palm and a fabric back, or for an entire fabric glove.

The patent to Green relates to an improved fourchette for gloves, and was cited by the examiner merely to show in the angle of the fourchette a sloping shape in the crotch between the fingers.

The only difference between the fourchette blank of appellant and that of the Charney patent is that in the latter the fold at the middle of the blank is designed and adapted to cover the tip of the middle finger of the glove instead of being at the crotch between the middle and third finger as in appellant's glove. In other words, one is the reverse of the other.

Appellant contends that the rejected claims should be held to be patentable for the alleged reason that such difference is not a mere change of design but an adaptation of his fourchette for use in a different position to perform a different function.

Clearly, the structure of the Charney reference possesses all the structural characteristics of appellant's structure, and it does not seem to us that the positioning of the fourchette with angles at the finger tip or at the crotch is material in a patent sense. It is true that the structure in the Charney reference does not show an acute angle or a slope in the crotch between the fingers, but such angle and slope are clearly shown in the structure of the Green patent.

In our opinion there is no invention in making the fourchette of a continuous piece in such form that the folds would fit slopingly in the crotches of the glove of ap-

pellant, in view of the Charney and Green patents.

The decision of the Board of Appeals is affirmed.

Affirmed.